ON REHEARING
JiPER CURIAM.*
On application for rehearing, the Board concedes that the district court has subject matter jurisdiction to adjudicate a constitutional challenge to the hearing procedure that the Board had been using prior to the decision in In re: Georgia Gulf Corp. v. Board of Ethics for Public Employees, 96-C-1907 (La.5/9/97); 694 So.2d 173. However, pointing out that the Georgia Gulf decision held that the hearing procedure used by the Board in that case did not afford due process and remanded the case to the Ethics Commission for a new hearing, the Board argues that it is not necessary, in view of the Georgia Gulf decision, to remand the present case to the district court because (1) there has been no hearing in this case to review and (2) the future hearing will be conducted before a new Board[1] which is bound to follow the dictates of Georgia Gulf
|2We agree with this argument. In view of our Georgia Gulf decision, the procedure of the Board must change to comport with the views expressed therein; hence it is no longer necessary to adjudicate the constitutionality of the procedures formerly employed by the Board. Relator will be fully protected in the future hearing by the right to assert on appeal any due process violations or other complaints about the hearing procedure used by the Board, or to otherwise seek any appropriate review of rulings and procedures before, during or after the hearing.
KIMBALL, J., votes to deny the application and assigns reasons.
JOHNSON, J., votes to deny the application with reasons.

 Marcus, J., not on panel.

. The Louisiana Board of Ethics replaced the Board of Ethics for Elected Officials on January 1, 1997. See La. Acts 1996, No. 64, 1st Ex. Session.